D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

**ERICK ROJAS,**

               **Plaintiff,**

     **v.**

**DP HOSPITALITY GROUP, LLC, d/b/a/**
**BROOKLYN CHOPHOUSE CITY HALL,**
**BROOKYLN CHOPHOUSE TIMES**
**SQUARE, LLC, DAVID THOMAS,**
**STRATIS MORFOGEN, and ROBERT**
**(DON POOH) CUMMINS,**

      **Defendants.**

-----------------------------------------------------------x

**COMPLAINT and JURY TRIAL DEMAND**

**CASE NO.:**

Plaintiff Erick Rojas alleges as follows:

     1.     Brooklyn Chophouse Restaurants cater to the glitterati of New York, such as Jamie Foxx, Cardi B and Offset.  This in large part due to the acclaim of owner Robert Don Pooh Cummins, a music industry titan that worked with the likes of Mary J. Blige, Jay-Z, Nas, and Diddy, and owner Stratis Morfogen, and acclaimed New York restaurateur.

     2.     But Brooklyn Chophouse's major success did not spill over into its treatment of employees.  Plaintiff, for example, was required to work grueling hours for Defendants as an expediter and was stiffed out of basic statutory wages, such as overtime and New York's spread of hours premium.

1

**JURISDICTION AND VENUE**

3.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**PARTIES**

5.    All Defendants are hereinafter collectively referred to as "Defendants."

6.    Defendant DP Hospitality Group LLC is a New York limited liability company that owns and operates Brooklyn Chophouse Restaurant in the City Hall area of Manhattan.

7.    Defendant Brooklyn Chophouse Times Square, LLC is a New York limited liability company that owns and operates Brooklyn Chophouse Restaurant in the Times Square area of Manhattan.

8.    Defendants DP Hospitality Group LLC and Brooklyn Chophouse Times Square, LLC are collectively referred to as the "Restaurant Defendants."

9.    Defendant Robert Cummins is and has been an owner, officer, a principal shareholder of both Restaurant Defendants.  Upon information and belief, the general managers of both Brooklyn Chophouse locations report to Defendant Cummins.  For example, Defendant Cummins is frequently present at both locations to discuss management issues, such as hiring and payroll practices, with restaurant's general managers.  Defendant Cummins is listed with the NYS

Liquor Authority as a principal of both Restaurant Defendants, and he regularly is quoted publicly in the media with respect to his active involvement managing the day-to-day aspects of the restaurants, including the name, décor, and menu.

10.     Defendant David Thomas is and has been an owner, officer, a principal shareholder of both Restaurant Defendants.  He is regularly present at the Restaurant Defendants, and he regularly supervises and directs the work of employees.   He has direct authority over hiring and firing employees.  Upon information and belief, he made the final decision to terminate Plaintiff's employment.  Defendant Thomas is listed with the NYS Liquor Authority as a principal of both Restaurant Defendants.

11.     Defendant Stratis Morfogen is a part-owner and the Director of Operations at the Defendant Restaurants, and (1) has the power to hire and fire employees; (2) supervised and controlled employee work schedules and conditions of employment; (3) determined the rate and method of payment, and (4) maintained employee records at the restaurants.    Throughout Plaintiff's employment, he has at times given Plaintiff direct instructions with respect to how to perform his job duties.

12.     Defendant Morfogen regularly appears publicly as the face of Brooklyn Chophouse and discusses his active involvement with the management of the restaurants.

13.     Plaintiff Erick Rojas ("Plaintiff") was employed by Defendants as an expediter at Brooklyn Chophouse's City Hall location from 2018 until 2021 and at the Times Square location from about early 2022 through the end of 2023.

**FACTS**

14.     Defendants committed the acts alleged in this Complaint knowingly, intentionally, and willfully.

15.    At Defendants' City Hall location, Plaintiff typically worked 66 hours per week. He worked from 12:00 p.m. until about 11:30 p.m., 6 days per week.

16.    At Defendants' Times Square location, Plaintiff typically worked 48 hours per week, from 4:00 p.m. to 12:00 a.m, 6 days per week.

17.    At both locations, Plaintiff was paid a flat salary, with no premium for overtime hours worked.

18.    Plaintiff did not receive New York's "spread of hours" premium for days in which the beginnings and ends of his workdays were more than 10 hours apart.

19.    Plaintiff did not receive a Notice and Acknowledgment of Pay Rate or similar form from Defendants at any point during his employment.   As a result, Plaintiff did not understand that he was in fact entitled to overtime compensation that he was not receiving.  Defendants' failure to provide the required wage notice therefore hindered Plaintiff's ability to contest Defendants' underpayment of wages.

20.    Plaintiff's weekly wage statements from Defendants did not list his hours worked. As a result, Plaintiff was unaware of how many hours he was being paid for and how much extra compensation he was entitled to.  By failing to provide Plaintiff with wage statements identifying his hours worked, Defendants prevented Plaintiff from determining and seeking payment for his precise amount of unpaid compensation.

### FIRST CLAIM FOR RELIEF
#### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

21.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

22.    Plaintiff routinely worked in excess of forty (40) hours per workweek.

23.     Defendants failed to pay Plaintiff one and a half times his regular hourly rate for all overtime hours worked, and they failed to keep records required by the FLSA and relevant regulations, even though Plaintiff was entitled to overtime.

24.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Overtime Violations,**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**

25.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

27.     Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

28.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

29.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30.     Defendants did not provide Plaintiff with a written wage notice as required by N.Y. Lab. Law § 195(1).

31.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
**(New York Spread of Hours Provisions, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6)**

32.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33.     Plaintiffs regularly had workdays that lasted more than ten (10) hours.

34.     Defendants willfully and intentionally failed to pay Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays exceeded ten (10) hours, as required by New York law.

35.     As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     An award of damages, according to proof, including compensatory damages, liquidated damages, and penalties, to be paid by Defendants;

B.     Costs of action incurred herein, including expert fees;

C.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

D.     Pre-judgment and post-judgment interest, as provided by law; and

E.    Such other and further legal and equitable relief as this Court deems necessary, just

and proper.

Dated:  New York, New York          Respectfully submitted,
        February 2, 2024
                                    JOSEPH & KIRSCHENBAUM LLP

                                    By:
                                    /s/ D. Maimon Kirschenbaum
                                    D. Maimon Kirschenbaum
                                    32 Broadway, Suite 601
                                    New York, NY 10004
                                    Tel: (212) 688-5640
                                    Fax: (212) 981-9587

                                    *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

which he has a right to jury trial.