# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph  
D. Maimon Kirschenbaum  
Denise Schulman  
Josef Nussbaum  
Lucas C. Buzzard  
Mike DiGiulio  
Leah M. Seliger

32 Broadway, Suite 601  
New York, NY 10004  
Phone (212) 688-5640  
Fax (212) 688-2548  
www.jk-llp.com

March 18, 2025

**VIA ECF**

Hon. Katherine Polk Failla  
United States District Judge  
Southern District of New York

    Re: *Rojas v. DP Hospitality Group, LLC*, No. 24-cv-772 (KPF)

Dear Judge Failla,

  We represent Plaintiff Erick Rojas in the above-captioned matter. We write pursuant to Rule 4.A. of this Court's Individual Rules of Practice in Civil Cases to respectfully request a pre-motion conference on Plaintiff's anticipated motion for partial summary judgment. Plaintiff brings this action against his former employers – the owners/operators of the restaurants Brooklyn Chophouse City Hall and Brooklyn Chophouse Times Square. He alleges claims of: (1) unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); (2) unpaid "spread of hours" wages under the NYLL; and (3) failure to provide proper wage notices and wage statements as required by N.Y. Lab. Law § 195.

  Plaintiff seeks summary judgment on several issues. First, Defendants are liable for overtime violations because (a) Defendants cannot meet their burden of proof on their affirmative defense that Plaintiff was exempt from the overtime wage requirements, and (b) Plaintiff worked more than 40 hours per week throughout the relevant liability period. Second, Defendants failed to provide Plaintiff with proper wage notices and wage statements as required by N.Y. Lab. Law § 195 at both Chophouse locations. And third, Defendants David Thomas, Stratis Morfogen, and Robert Cummins are individually liable under the FLSA and NYLL.

  As background, Plaintiff was a kitchen expediter at both Brooklyn Chophouse locations. He worked at the City Hall location from October 2018 through mid-April 2021 and the Times Square location from March 2022 through the end of 2023. At both locations, Plaintiff was paid a flat weekly salary.[1]

  As an expediter, Plaintiff's primary duties were to: (1) plate the food emerging from the kitchen and ensure that each dish was complete, prepared correctly, and looked pleasing; (2) communicate with the service staff to ensure that orders were delivered to the correct tables; (3) ensure that customers did not receive food to which they were allergic; and (4) take reports from

---

[1] For several months at the beginning of his employment, Plaintiff was paid on an hourly basis. He does not seek overtime damages for this period, which lasted from October 2018 until early 2019 when Defendants began paying him a salary.

the kitchen staff when they needed supplies and/or ingredients. As Plaintiff testified, he never had any responsibility or authority to hire other employees, fire other employees, schedule other employees, set the rate of pay for other employees, or evaluate employees' performance. *See* Rojas Dep. at 70:16-22, 71:24-73:5, 77:25-78:17.

**I.     Defendants Cannot Meet their Burden of Proving that Plaintiff was Exempt from the Overtime Requirements of the FLSA and NYLL.**

Under both the FLSA and the NYLL, employees who work more than 40 hours per week must be compensated for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2. Plaintiff will prevail on his overtime claims for two reasons: (1) Defendants cannot meet their burden on their affirmative defense that that Plaintiff is exempt from the overtime wage requirements; and (2) he worked more than 40 hours per week throughout the liability period.

Based on the complete record, Defendants have absolutely no credible evidence to meet their burden of proof on their affirmative defense that Plaintiff was exempt from the FLSA/NYLL overtime requirements. *See DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) ("A claim of exemption under the FSLA is an affirmative defense, and the employer bears the burden of proof in making any such claim."); *Davella v. Ellis Hosp., Inc.*, No. 20-cv-726, 2021 U.S. Dist. LEXIS 85870, at *7 (N.D.N.Y. May 5, 2021) (under the NYLL, "the burden is on the defendant to establish that the . . . exemption applies").

The overtime exemption upon which Defendants rely is the executive exemption. This exemption requires Defendants to prove, *inter alia*, that: (1) Plaintiff's "primary duty" consisted of "the management of the enterprise . . . or a customarily recognized department or subdivision thereof"; (2) he "customarily and regularly direct[ed] the work of two or more other employees"; and (3) he had "the authority to hire or fire other employees" or his "suggestions and recommendations as to the hiring or firing" or promotion of other employees was "given particular weight." 29 C.F.R. § 541.100; *accord* 12 N.Y.C.R.R. § 146-3.2(c)(1)(i).

Defendants cannot meet their burden as to any of these prongs, but they are particularly lacking as to the third. Plaintiff specifically asked all of Defendants' witnesses at deposition about Plaintiff's authority to hire and fire other employes. While they vaguely testified Plaintiff had general authority to do so, every one admitted that there is no documentary evidence of Plaintiff ever exercising that authority and collectively they could only identify one current employee Plaintiff purportedly hired – Javier Veliz.[2] At his deposition, however, Veliz denied Plaintiff had hired him and testified he was hired by a floor manager, "Zara." Veliz Dep. at 11:17-12:6, 18:13-25. Courts have routinely found similar evidence insufficient to meet the employer's burden of proof as to this prong. *See, e.g.*, *Lema v Mugs Ale House Bar*, 2014 US Dist. LEXIS 87688, at *17-18 (E.D.N.Y. June 26, 2014) (employer failed to meet burden of proof where one of its witnesses could only identify one employee the plaintiff hired and claimed plaintiff fired another

---

[2] Defendants' witnesses also claimed Plaintiff hired two other individuals who no longer work at the Times Square location – Eduardo Barranco and Jorge Barranco. However, they admitted that there is no documentary evidence of these hirings and none of Defendants' witnesses have first-hand knowledge of these hirings because none were present when they occurred. Leo Dep. at 34:1-21.

2

employee but other employees testified they were not hired by the plaintiff and there was no other evidence of the plaintiff's hiring/firing recommendations given any weight).

As to Plaintiff's hours worked, Defendants admit they did not maintain time records after the point when Plaintiff began receiving a salary. Plaintiff testified that he generally worked six days per week (Tuesday through Sunday) for at least eight hours per day, for a total of at least 48 hours per week. Rojas Dep. at 47:11-49:7, 61:24-64:20. While Defendants' witnesses claim that Plaintiff did not work Sundays, they admit that there are no records which support that, and the one non-party witness who was deposed – Javier Veliz – testified that he "often" worked with Plaintiff on Sundays. Veliz Dep. at 27:4-10. Thus, because Defendants do not have any other evidence that either establishes Plaintiff's precise amount of hours worked or negates Plaintiff's evidence, Plaintiff's recollection of his weekly hours worked controls. *See, e.g.*, *Chichinadze v. BG Bar, Inc.*, 517 F. Supp. 3d 240, 252-53 (S.D.N.Y. 2021) (Failla, *J.*) (where employer failed to maintain time records, employee need only produce evidence from which FLSA violations may be "reasonably inferred," including estimates based on the employee's recollection, and damages may be awarded based on such evidence unless the employer produces evidence of the precise amount of work performed or that negates the reasonableness of the inference drawn in the employee's favor); *see also id.* at 253 (explaining that the employer's burden under the NYLL "more demanding" as employers must *prove* the employee was in fact paid for all hours worked).

## II. Defendants Failed to Provide Proper Wage Notices and Wage Statements.

Under N.Y. Lab. Law § 195(1)(a) and (3), Defendants were required to provide Plaintiff with wage notices and wage statements containing specific information. Defendants failed to provide any wage notices in response to Plaintiff's discovery requests, despite being statutorily required to retain them. *See* N.Y. Lab. Law § 195(1)(a). Accordingly, Defendants will be liable for § 195(1)(a) wage notice penalties. *See, e.g.*, *Galvez v. 800 Ginza Sushi, Inc.*, 2022 U.S. Dist. LEXIS 43523, at *46-47 (S.D.N.Y. Mar. 11, 2022) (finding no material dispute as to a defendant's failure to comply with N.Y. Lab. Law § 195(a)(1) where it failed to produce either the wage notices themselves or written acknowledgements of receipt). Moreover, because Plaintiff is not an exempt employee for the reasons discussed above, his wage statements were required to set forth his regular and overtime rates of pay. *See* N.Y. Lab. Law § 195(3). They did not do so, making Defendants liable for § 195(3) violations as well.

## III. Defendants Morfogen, Thomas, and Cummins are Individually Liable

Finally, the undisputed evidence demonstrates that Defendants Morfogen, Thomas, and Cummins are individually liable for the FLSA/NYLL violations as they each admitted to having a role in Plaintiff's hiring and that they exercised authority to hire managerial employees at the restaurants. *See, e.g.*, *Irizarry v. Catsimatidis*, 722 F.3d 99, 116 (2d Cir. 2013) (describing the FLSA's "economic realities" test for employer status and concluding that an owner who hired managerial employees and exercised overall financial control of company was individually liable).

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

                                                 _/s/Lucas C. Buzzard_
                                                 Lucas C. Buzzard