

Dong Phuong V. Nguyen
77 Water Street, Suite 2100
New York, New York 10005
Phuong.Nguyen@lewisbrisbois.com
Direct: 646.666.7698

March 21, 2025                                          File No. 27350.3294

<u>VIA ECF</u>
Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      **RE:**    **Rojas v. DP Hospitality Group, LLC, et al.**
             **No. 24-CV-0772 (KPF)**

Dear Judge Failla:

      We represent Defendants DP Hospitality Group, LLC, Brooklyn Chophouse Times Square, LLC, David Thomas, Stratis Morfogen, and Robert Cummins (collectively, "Defendants") in the above-referenced matter. We write pursuant to Paragraph 4(A) of the Court's Individual Rules of Practice in Civil Cases in response to Plaintiff's March 18, 2025 letter, requesting leave to file a motion for summary judgment. Doc. No. 31. For the reasons stated herein, Plaintiff's motion cannot succeed.

      Plaintiff claims that Defendants, two restaurants located in Times Square and near City Hall, and its owners/managers violated federal and state wage and hour law and failed to pay him overtime wages, spread of hours premiums, and failed to provide him wage notices and wage statements, all in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff now seeks to move for summary judgment on the basis that: (1) he was misclassified as an exempt, salaried employee and instead should have been paid on an hourly basis and thus, owed overtime wages, (2) he did not receive proper wage notice and wage statements under NYLL § 195, and (3) Defendants Cummins, Thomas, and Morfogen are individually liable under the FLSA and NYLL.

      Summary judgment is only appropriate where there are no material facts in dispute to resolve at trial. Here, there are material facts still in dispute that would prevent judgment in Plaintiff's favor. The facts developed via discovery undercut all of Plaintiff's claims and deposition testimony show there are vast disputes of material fact pertaining to Plaintiff's job duties, work hours, and involvement of the individual Defendants.

---

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • WASHINGTON • WEST VIRGINIA
154579293.1

Hon. Katherina Polk Failla
March 21, 2025
Page 2

**I.      Disputes of Fact Exist as to Plaintiff's Job Duties and Entitlement to Overtime Wages**

In order to be exempt under the FLSA's executive exemption, an employee must be paid at least $684 per week and the employee's primary duties must involve supervising and regularly directing the work of at least two or more employees and having the authority to hire or fire employees or recommending same. *See* 29 C.F.R. §541.100(a); *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 559-60 (2d Cir. 2012).

Here, the record shows that during his employment, Plaintiff was paid $1,200 to $1,300 each week, well in excess of the established salary minimum. However, there are differing deposition testimony relating to his job duties, whether he regularly supervised at least two or more employees, and whether Plaintiff had authority to hire or fire or his recommendations counted towards hiring and firing. Despite Plaintiff's self-serving denials that he never fired or hired employees, sworn deposition testimony from Defendants' General Manager, Kitchen Manager, and the individual Defendants all point to Plaintiff supervising and directing the back of house in his role as the kitchen expediter.

The evidence adduced in discovery shows that Plaintiff had supervisory authority over the back of the house staff and was charged with supervising the runners, including being heavily involved in the decision to hire or terminate back of the house staff, often recommended who to hire as runners, determined when the restaurant needed to hire additional personnel, disciplined employees, recommended the termination of employees, and directed the general operation of the entire back of the house. The General Manager also testified that he worked with Plaintiff to create the work schedules for the back of the house each week because Plaintiff did not know how to use the computer program to make schedules. In his deposition, Javier Veliz confirmed that Plaintiff supervised him and the other runners in the back of the house and because Plaintiff was their direct supervisor, it was understood that they had to inform Plaintiff when they needed a schedule change or a day off. The kitchen manager, General Manager, and individual defendants all testified that Plaintiff also sent employees home and often threatened that they would not have a job anymore if he felt the employees were not performing. Plaintiff's argument that he is entitled to summary judgment on the exemption issue because Plaintiff did not sign any disciplinary notices or any other documentary evidence should be given short shrift in light of the existing deposition testimony that clearly show Plaintiff did exercise managerial authority and supervised at least two employees in his role as expediter.

Plaintiff's claim that he worked at least 48 hours a week is also disputed. While Plaintiff claims that he worked six days a week for at least 48 hours a week, the deposition testimony, including that of the General Manager and Javier Veliz, shows that to be false For example, during his deposition, the General Manager testified that for the majority of his employment, he had the same work schedule as Plaintiff and they both had Sundays and Mondays off. He further testified that for the first several months of his employment in 2022, he worked seven days a week and did not see Plaintiff on-site on Sundays. He further testified that when he stopped working seven days a week, he continued to check cameras to monitor the restaurant on Sundays and did not recall seeing Plaintiff on any particular Sundays.

Hon. Katherina Polk Failla
March 21, 2025
Page 3

Moreover, contrary to Plaintiff's claim that Javier Veliz often worked Sundays with Plaintiff, when asked how many Sundays Mr. Veliz would work in a month, he confirmed that he only worked one Sunday a month. Thus, contrary to Plaintiff's claim, there are disputes as to Plaintiff's work hours. Of course, Plaintiff's overtime hours are only relevant if the Court determines that Plaintiff was misclassified, which Defendant deny.

## II.    Disputes of Fact Exist as to Plaintiff's Wage Notice and Wage Statement Claims

Plaintiff's entitlement to damages under NYLL §§195 and 198 for wage notice and wage statement violations is also disputed. It is an affirmative defense for any wage notice or wage statement violation if the employer made timely and complete payment of all wages due. *See* N.Y. Labor Law § 198(1-d) (timely and complete payment of all wages due shall be an affirmative defense to a wage statement claim). The documentary record shows that Plaintiff did receive wage statements on each payday and that Defendants paid Plaintiff his full weekly salary, which allows Defendants to avail themselves of the affirmative defense available under NYLL § 198 for any alleged failure to provide wage notice or wage statements.

## III.    Disputes of Fact Exist as to Defendants' Individual Liability

Plaintiff's claims that Defendants Cummins, Thomas, and Morfogen should be individually liable under the FLSA and NYLL is also disputed. Based on their deposition testimony,  these three individual defendants were note involved in the day-to-day operations and did not have any involvement in determining the economic realities for employees. For example, when asked how often he visited the kitchen where Plaintiff worked, Defendant Cummins estimated that he only did so one to two times a month and denied that he ever communicated with Plaintiff via text to direct him to perform certain tasks. When asked how often he communicated with Plaintiff, Defendant Thomas testified that he only did so a handful of times to order food for his daughter and none of those communications had anything to do with Plaintiff's job or the terms and conditions of employment. Moreover, Defendant Thomas testified that he was not involved in hiring employees, did not set Plaintiff's pay, and was not involved in Plaintiff's termination.

Based on the above, the Court should deny Plaintiff's request to move for summary judgment as disputes of material fact exist.

We thank the Court for its time and attention to this matter.

Respectfully,

Dong Phuong V. Nguyen

Dong Phuong V. Nguyen for
LEWIS BRISBOIS BISGAARD & SMITH LLP

---

Hon. Katherina Polk Failla
March 21, 2025
Page 4


cc:    All Counsel (via ECF)

154579293.1