UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERICK ROJAS,

                                    Plaintiff,              Case No. 24-CV-0772 (KPF)

         -against-

DP HOSPITALITY GROUP, LLC, D/B/A BROOKLYN
CHOPHOUSE CITY HALL, BROOKLYN
CHOPHOUSE TIMES SQUARE, LLC, DAVID
THOMAS, STRATIS MORFOGEN, AND ROBERT
(DON POOH) CUMMINS,

                                    Defendants.
-----------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**


**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendants*
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
212.232.1300

160314133.1

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ...........................................................................................1

II.    LEGAL STANDARD FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P.
       56..............................................................................................................................................2

III.   PLAINTIFF HAS NOT DEMONSTRATED THAT THERE IS NO GENUINE
       ISSUE OF MATERIAL FACT IN SUPPORT OF HIS CLAIMS ....................................3

       1.     Statement of Facts....................................................................................................3

              A.     Material Facts Remain in Dispute as to Plaintiff's Job Duties and
                     Entitlement to Overtime Wages...................................................................5

              B.     Disputes of Fact Exist as to Defendants' Individual Liability ..................11

IV.    CONCLUSION......................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Barfield v. New York City Health and Hosps. Corp.*,
    537 F.3d 132 (2d Cir.2008)..................................................................................11

*Carhuapoma v. New York-Presbyterian Healthcare Sys., Inc.*,
    No. 11 Civ. 8670(JPO)(RLE), 2013 WL 1285295 (S.D.N.Y. Mar. 29, 2013).........................7

*Clougher v. Home Depot U.S.A., Inc.*,
    696 F.Supp.2d 285 (E.D.N.Y.2010) ....................................................................6

*Elghourab v. Vista JFK, LLC*,
    No. 17-CV-911 (ARR) (ST), 2018 WL 6182491 (E.D.N.Y. Nov. 27, 2018) .........................7

*Encino Motorcars, LLC v. Navarro*,
    584 U.S. 79, 138 S. Ct. 1134 (2018)...................................................................6

*Franco v. Ideal Mortg. Bankers, Ltd.*,
    No. 07-CV-3956 JS AKT, 2011 WL 317971 (E.D.N.Y. Jan. 28, 2011) ..............................12

*Goldberg v. Whitaker House Co-op., Inc.*,
    366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961)...................................................11

*Herman v. RSR Sec. Servs. Ltd.*,
    172 F.3d 132 (2d Cir.1999)..............................................................................11

*Kee v. City of New York*,
    12 F.4th 150 (2d Cir. 2021) ..............................................................................2

*Klein v. Torrey Point Group, LLC*,
    979 F. Supp. 2d 417 (S.D.N.Y. October 13, 2013)...................................................6

*Martinez v. Hilton Hotels Corp.*,
    930 F.Supp.2d 508 (S.D.N.Y.2013).....................................................................6

*Marvel Characters, Inc. v. Simon*,
    310 F.3d 280 (2d Cir. 2002)..............................................................................3

*Moon v. Kwon*,
    248 F.Supp.2d 201 (S.D.N.Y.2002).....................................................................11

*Nickell v. City of Lawrence, Kan.*,
    352 F. Supp. 2d 1147 (D. Kan. 2004) ..................................................................9

*Ramos v. Baldor Specialty Foods, Inc.*,
    687 F.3d 554 (2d Cir. 2012)..............................................................................6

*Reiseck v. Universal Commc'ns of Miami, Inc.*,
    591 F.3d 101 (2d Cir. 2010).........................................................................................6

*S. Katzman Produce Inc. v. Yadid*,
    999 F.3d 867 (2d Cir. 2021)........................................................................................2

*Spicer v. Pier Sixty LLC*,
    2010 U.S. Dist. LEXIS 76782 (S.D.N.Y. July 26, 2010) .......................................12

*Tamayo v. DHR Rest. Co., LLC*,
    No. 14 CIV. 9633 (GBD), 2017 WL 532460 (S.D.N.Y. Feb. 3, 2017)....................9

*Vasquez v. Victor's Cafe 52nd St., Inc.*,
    2019 WL 4688698 (S.D.N.Y. 2019)........................................................................2, 3

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d Cir.2003).........................................................................................11

*Zheng v. Liberty Apparel Co. Inc.*,
    617 F.3d 182 (2d Cir.2010).......................................................................................11

**Statutes**

29 C.F.R. § 541.100(a)................................................................................................6

29 U.S.C. § 207(a) ......................................................................................................6

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................2

Fed.R.Civ.P. 56(c) ......................................................................................................2

Defendants DP Hospitality Group LLC ("City Hall location"), Brooklyn Chophouse Times Square, LLC ("Times Square location"), David Thomas, Stratis Morgoen, and Robert Cummins (collectively "Defendants"), by their attorneys Lewis Brisbois Bisgaard & Smith LLP, submit this memorandum of law in opposition to the motion for partial summary judgment filed by Plaintiff Erick Rojas ("Motion"). The declarations of Chad Leo (the "Leo Decl.") and Bianca Wasserman ("Wasserman Decl.") and Defendants' Response to Plaintiff's Rule 56.1 Statement of Facts in Support of Plaintiff's Motion for Summary Judgement ("RSOF") are submitted herewith.

## I.    PRELIMINARY STATEMENT

The Court should deny Plaintiff's instant motion because Plaintiff has failed to show that there are undisputed facts to support summary judgment in his favor on his claims: (1) that Defendants are not entitled to an affirmative defense that Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and that (2) Defendants David Thomas, Robert Cummins, and Stratis are individually liable as "employers" under the FLSA and NYLL. Plaintiff's Motion is doomed to fail given that he has not – and cannot – satisfy his initial burden of demonstrating the absence of a genuine issue of material fact as to whether Plaintiff was properly paid on a salary basis and exempt from overtime wages based on his job duties, including whether Plaintiff had the authority to hire, fire, and discipline employees as well as whether he had other managerial duties such as assign work duties and make work schedules. Nor can Plaintiff demonstrate the absence of any genuine issues of material fact relating to whether the individual defendants controlled the terms and conditions of employment to be held personally liable under the FLSA and NYLL. Further, the Second Circuit has long held that individual liability cannot be resolved through summary judgment and instead,

is a jury question. *See infra* p. 13. Thus, the Court should deny summary judgement and preserve the issue for trial.

Summary judgment is only appropriate where there are no material facts in dispute to resolve at trial. Here, the facts developed via discovery undercut Plaintiff's claims and deposition testimony and other evidence show that there are vast disputes of material fact pertaining to Plaintiff's job duties and the involvement of the individual Defendants. The Court must deny Plaintiff's Motion on this basis.

## II.    LEGAL STANDARD FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56

Summary judgment is only appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The function of the district court in considering [a] motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kee v. City of New York*, 12 F.4th 150, 166–67 (2d Cir. 2021) (internal quotation marks and citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) (internal citation omitted).

In considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Vasquez v. Victor's Cafe 52nd St., Inc.*, 2019 WL 4688698 (S.D.N.Y. 2019) (citations omitted). "[I]f there is any evidence in the record that could reasonably support a

jury's verdict for the non-moving party," summary judgment must be denied. *Id.* (citing *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)).

## III.    PLAINTIFF HAS NOT DEMONSTRATED THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT IN SUPPORT OF HIS CLAIMS

The Court should deny Plaintiff's motion because he has not established, based on undisputed facts and evidence, that he is entitled to summary judgment on Plaintiff's misclassification claim or that individual Defendants should be held liable as employers under the FLSA and NYLL as forth in the Complaint.[1] .

### *1.    Statement of Facts*

DP Hospitality Group LLC and Brooklyn Chophouse Times Square LLC are two separate companies that each operate a restaurant in New York City. Wasserman Decl. ¶ 2. Brooklyn Chophouse Times Square LLC is located at 253 West 47th Street, New York, NY 10036 and first opened for business in 2022. DP Hospitality Group LLC d/b/a Brooklyn Chophouse City Hall is located at 150 Nassau Street, New York, NY 10038. *Id.* ¶ 3. Plaintiff was hired to work at the City Hall location on or about October 1, 2018 as an hourly kitchen employee. *Id.* ¶ 5. He worked as an hourly employee in the kitchen until January 13, 2019 when he was promoted to kitchen manager. He continued to work as a kitchen manager until April 5, 2021 when he was terminated for insubordination after engaging in a verbal argument and threatening another employee. As kitchen manager, he was paid a salary of $1,200, which was later increased to $1,300 a week. *Id.*

---

[1] References to "RSOF" refer to Defendants' Response to Plaintiff's Rule 56.1 Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgement. References to the "Leo Decl." refers to the Declaration of Chad Leo, filed herewith. References to the "Wasserman Decl." refers to the Declaration of Bianca Wasserman, filed herewith. All references to "Exhibit" are to the exhibits annexed to the Declaration of of Dong Phuong V. Nguyen ("Nguyen Decl."), filed herewith.

As a kitchen manager in the City Hall location, Plaintiff's work duties included managing the runners and dishwashers and expediting orders. *Id.* ¶¶ 6-8.  He closely supervised the runners to ensure that food was delivered to customers' tables, tables were cleared by the runners, and that the dishwashers were keeping up to ensure a constant supply of clean dishes for the restaurant. *Id.* ¶ 6.  Plaintiff was also responsible for supervising employees to ensure that the kitchen was clean, the food was labeled and dated, and that employees were adhering to food safety standards. *Id.* In addition to his duties relating to food safety, as kitchen manager, Plaintiff was also responsible for ensuring that kitchen employees clocked in and out for their shifts, made and reviewed weekly work schedules, assigned work duties to kitchen employees, and disciplined them as necessary. *Id.* ¶ 7. As their immediate supervisor, all runners and dishwashers had to report to and request permission from Plaintiff to take days off, come in late, or deviate from their scheduled shift in anyway. *Id.* ¶ 8. During his time at the City Hall location, Plaintiff was involved in hiring and terminating kitchen employees. Plaintiff hired multiple dishwashers and runners without consulting anyone and was known to terminate or threaten to terminate kitchen employees whom he felt were insubordinate or too slow with their work duties. *Id.* ¶ 12.

During his time as an hourly employee from October 1, 2018 to January 12, 2019, Plaintiff was required to and did clock in and clock out to track his work hours and thus, was paid overtime wages if he worked more than forty hours each week. Once he was promoted to kitchen manager and paid a weekly salary, Plaintiff refused to continue to clock in and out to track his work hours although it is restaurant policy that all employees, including managers, utilize the time clock to track their work hours.  *Id.* ¶ 10.

Plaintiff was terminated from his position on April 5, 2021 after engaging in a verbal argument and threatening another employee. *Id.* ¶ 5.

On or about April 3, 2022, Plaintiff was hired to work in the Times Square location as the kitchen manager. Wasserman Decl. ¶ 4. In his capacity as a kitchen manager and expediter, his work duties included managing the runners and dishwashers and expediting orders. Leo Decl. ¶ 5. Plaintiff was also responsible for supervising at least four kitchen employees and ensuring that all kitchen employees clocked in and out for their shifts, made and reviewed weekly work schedules with the General Manager, assigned work duties to runners and dishwashers, and disciplined them as necessary. *Id.* ¶¶ 5-7. Over the course of Plaintiff's employment at the Times Square location, he hired numerous dishwashers and runners, including Jorge Barranco, Eduardo Barranco, and Javier Veliz. *Id.* ¶ 9, 10, 12. He also disciplined and fired numerous kitchen employees. *Id.* ¶ 13. Plaintiff was terminated for job abandonment after he walked off of his shift during the New Years Eve dinner shift on December 31, 2023. *Id.* ¶ 14. After his termination, Larry Purvis, the co-kitchen manager took over as the sole kitchen manager and also assumed Plaintiff's supervisory duties over the runners and dishwashers.  Mr. Purvis continues to work this role to present.

Although Robert Cummins and David Thomas are owners of the restaurant, they are not involved in the day-to-day operations. *Id.* ¶ 16.  The managers, including kitchen managers, manage their own departments independently with limited input from the owners. *Id*. If there are any issues, it is expected that the department managers confer with the General Manager, and not Messrs. Cummins or Thomas, to resolve the issues. *Id.*

### A.    Material Facts Remain in Dispute as to Plaintiff's Job Duties and Entitlement to Overtime Wages

In his Motion, Plaintiff argues that Defendants cannot demonstrate that Plaintiff had authority to hire or fire employees or that his opinion and suggestions counted towards those decisions and thus, the Court should grant summary judgment on Defendants' affirmative defense. Plaintiff's arguments should be given short shrift because Defendants have provided evidence in

the form of deposition testimony and declarations, and will provide further testimony at trial to show that Plaintiff was a managerial employee with authority to fire, hire, and discipline. The proffered evidence shows that there remains disputes of material facts that preclude summary judgment. *Martinez v. Hilton Hotels Corp.,* 930 F.Supp.2d 508, 527 (S.D.N.Y.2013) (denying summary judgment on exemption issue where the parties disputed plaintiffs' work duties); *Clougher v. Home Depot U.S.A., Inc.,* 696 F.Supp.2d 285, 292 (E.D.N.Y.2010) (denying summary judgment where "[a]bsent objective evidence, a more complete examination of the facts and circumstances surrounding [plaintiff's] daily responsibilities, and credibility determinations" is needed).

The FLSA provides a private right of action to recover damages for violations of the law's overtime provisions, which "mandates that employers pay time-and-a-half per hour when employees work more than 40 hours per week." *Klein v. Torrey Point Group, LLC*, 979 F. Supp. 2d 417, 425 (S.D.N.Y. October 13, 2013). That mandate, however, "is subject to several exemptions," including one for executive employees." *Id.*; 29 U.S.C. § 207(a). In order to be exempt under the FLSA's executive exemption, an employee must be paid at least $684 per week and the employee's primary duties must involve supervising and regularly directing the work of at least two or more employees and having the authority to hire or fire employees or recommending same. *See* 29 C.F.R. §541.100(a); *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 559-60 (2d Cir. 2012). Critically, the Supreme Court has expressly held that these exemptions are to be given a "fair reading," rather than be narrowly construed. *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 138 S. Ct. 1134, 1142 (2018). The NYLL incorporates the FLSA's exemptions, including the administrative and executive exemptions, by reference. *See Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010). "Because the relative importance of an

employee's exempt and nonexempt duties is a fact-specific inquiry, numerous courts have declined to make this determination at the summary-judgment stage." *Elghourab v. Vista JFK, LLC*, No. 17-CV-911 (ARR) (ST), 2018 WL 6182491, at *8 (E.D.N.Y. Nov. 27, 2018); *Carhuapoma v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11 Civ. 8670(JPO)(RLE), 2013 WL 1285295, at *7 (S.D.N.Y. Mar. 29, 2013) ("Because whether an employee is exempt from the overtime pay provisions is a fact intensive inquiry, even where there has been full discovery, courts are often reluctant to grant summary judgment based on an exemption.").

Here, the record shows that during his employment, Plaintiff was paid $1,200 to $1,300 each week, well in excess of the established salary minimum. Wasserman Decl. ¶ 5. However, there are differing deposition testimony relating to his job duties, whether he regularly supervised employees, and whether Plaintiff had authority to hire or fire or his recommendations counted towards hiring and firing. Despite Plaintiff's self-serving denials that he never fired or hired employees, sworn deposition testimony from Defendants' General Manager and the individual Defendants, declarations from the General Manager and Human Resources Director, and anticipated testimony at trial all point to Plaintiff supervising and directing the back of house in his role as the kitchen manager. These contradicting evidence show that there are disputes of material fact that preclude summary judgment.

The evidence adduced in discovery shows that Plaintiff had supervisory authority over the back of the house staff and was charged with supervising the runners, including being heavily involved in the decision to hire or terminate back of the house staff, often recommended who to hire as runners and dishwashers, determined when the restaurant needed to hire additional personnel, disciplined employees, terminated and recommended the termination of employees, and directed the general operation of the entire back of the house. For example, during his time at the

City Hall location, Plaintiff hired multiple runners and dishwashers. Wasserman Decl. ¶ 12. Plaintiff also regularly disciplined kitchen employees and on many occasions, terminated them for insubordination or performance issues. *Id.* In her declaration, Bianca Wasserman, the Human Resources Director for the City Hall location, identified individuals whom Plaintiff hired and supervised during his time there. The Wasserman Decl. also offers evidence that on several occasions, Plaintiff engaged in loud verbal confrontations with kitchen workers to discipline them about alleged job performance issues. *Id.*

Plaintiff similarly exercised his authority to hire, fire, and discipline during his time at the Times Square location. In his deposition, Chad Leo, the General Manager of the Times Square location, testified that Plaintiff hired multiple runners and dishwashers. Leo Decl. ¶ 12. In his declaration, Leo testified that Plaintiff regularly brought new employees to his office after Plaintiff already hired them to complete paperwork and Plaintiff did not consult him or anyone else before hiring them. *Id.* In addition to hiring and firing, Plaintiff also made work schedules and disciplined employees. Plaintiff worked with Leo to create the work schedules for the back of the house each week because Plaintiff did not know how to use the computer program to make schedules. *Id.* ¶ 7. Plaintiff also regularly disciplined kitchen employees whom he felt were not performing, including threatening to or actually terminating them for their job performance. *Id.* ¶ 13. In their declarations, both Wasserman and Leo have identified kitchen employees whom Plaintiff hired, supervised, and subsequently terminated on his own volition. Wasserman Decl., ¶ 12; Leo Decl. ¶ 12.

In his Motion, Plaintiff spills much ink to argue that he could not have been Jorge and Eduardo Barranco's supervisor because he did not terminate them and points to that argument to support his allegation that Defendants cannot establish their affirmative defense that he was exempt from overtime wages. This misstates what is required under the law. The fact that the

General Manager, and not Plaintiff, was the one to terminate an employee does not automatically eliminate Plaintiff as the supervisor. Courts have rejected this flawed reasoning. *Tamayo v. DHR Rest. Co., LLC*, No. 14 CIV. 9633 (GBD), 2017 WL 532460, at *8 (S.D.N.Y. Feb. 3, 2017) (quoting *Nickell v. City of Lawrence, Kan.,* 352 F. Supp. 2d 1147, 1161 (D. Kan. 2004) ("'If that were the case, ... only one person in any given organization could ever be considered exempt within the meaning of the FLSA. Just because Plaintiffs' decisions could be ... overridden ... does not mean they were restricted or prohibited from making the decisions in the first place.'"). "The fact that a higher level manager's recommendation may be more important or that an employee may not make the ultimate decision regarding another employee's change in status does not preclude a finding that the employee's recommendation were given particular weight" or that "they were restricted or prohibited from making the decisions in the first place." *Id.* at *19-20.

As detailed in Chad Leo's declaration, Plaintiff hired Jorge and Eduardo Barranco and supervised their work. Leo Decl. ¶ 9. However, Leo was the one who terminated them because he personally observed the workers stealing from the restaurant and being drunk on the premises. *Id.* As explained in his declaration, Jorge and Eduardo Barranco's actions were serious violations that required immediate termination and removal from the premises. *Id.* Thus, because Plaintiff was their supervisor, Leo notified Plaintiff of their terminations. *Id.* The fact that Leo in his capacity as the General Manager, and not Plaintiff, terminated Jorge and Eduardo Barranco, does not negate Plaintiff's status as their supervisor. Defendants have offered evidence to support that Plaintiff hired both Jorge and Eduardo Barranco, made their work schedules, directed their work duties, and otherwise acted as their supervisor. *Id*.

Similarly, the Court should give short shrift to Plaintiff's argument that he did not supervise Javier Veliz because he did not tell Veliz to become a runner and did not set his pay. While

Defendants do not dispute that Chad Leo was the one who informed Veliz that he would be promoted to a runner and that he would be paid as a runner, the evidence shows that Plaintiff supervised Veliz once he became a runner. Specifically, Plaintiff supervised all runners and dishwashers, made their work schedules, and disciplined them. Leo Decl. ¶¶ 6-7. In his deposition, Javier Veliz testified that he reported to Plaintiff once he became a runner, Plaintiff assigned him work duties, and that Plaintiff was his immediate supervisor. RSOF ¶ 114; Veliz Dep. 31:13-19. Veliz also testified that because Plaintiff was his immediate supervisor, it was understood that all runners and dishwashers needed to notify Plaintiff when they needed a day off or change to their scheduled work hours. RSOF ¶ 115, Veliz Dep. 20:6 – 21:3. And the runners and dishwashers did report their requests for days off and other schedule needs to Plaintiff as confirmed in Leo Decl. because Plaintiff would then tell Leo to change the weekly work schedule to accommodate those requests. Leo Decl. ¶ 6. Moreover, Robert Cummins, David Thomas, and Stratis Morfogen testified that Plaintiff also sent employees home and often threatened that they would not have a job anymore if he felt the employees were not performing. RSOF ¶¶ 76-78.

Plaintiff's argument that he is entitled to summary judgment on the exemption issue because Plaintiff did not sign any disciplinary notices or any other documentary evidence should also be given short shrift. The established record, which included deposition testimony and sworn declarations, and Defendants' anticipated testimony at trial as detailed in the RSOF, support that Plaintiff did exercise managerial authority, hired and fired employees, managed work schedules, and disciplined employees. That Plaintiff now seeks to paint himself as nothing more than an hourly employee is a complete rewriting of history and evidences genuine disputes of material facts as to Plaintiff's job duties and whether he is entitled to overtime wages. Accordingly, material factual disputes preclude a finding of summary judgment for Plaintiff on this issue.

### B.     Disputes of Fact Exist as to Defendants' Individual Liability

Plaintiff's claims that Defendants Cummins, Thomas, and Morfogen should be individually liable under the FLSA and NYLL is also disputed. When a court is asked to determine whether an individual is an employer, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, ... with an eye to the 'economic reality' presented by the facts of each case." *Moon v. Kwon,* 248 F.Supp.2d 201, 236 (S.D.N.Y.2002) (quoting *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir.1999)); *see Goldberg v. Whitaker House Co-op., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (under the FLSA, " 'economic reality' rather than 'technical concepts' is to be the test of employment."). Among the factors to be considered in determining whether an individual is an employer are whether the alleged employer had the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records. *Zheng v. Liberty Apparel Co.,* 355 F.3d 61, 66 (2d Cir.2003). Only "the ultimate decision as to whether a party is an employer," is a legal question. *Id.* at 76. The "historical findings of fact that underlie each of the relevant factors" and the "findings as to the existence and degree of each factor" are factual questions. *Id*. Mixed questions of fact and law, such as this, are "especially well-suited for jury determination." *Zheng v. Liberty Apparel Co. Inc.,* 617 F.3d 182, 185–86 (2d Cir.2010) (internal citations and quotations omitted). The Court of Appeals for the Second Circuit has noted that the economics reality test is rarely suitable for summary judgment. *Barfield v. New York City Health and Hosps. Corp.,* 537 F.3d 132, 143–44 (2d Cir.2008) (due to "fact-intensive character" of economic reality test, Court of Appeals for the Second Circuit "rarely" has occasion to review grants of summary judgment). Courts have routinely rejected this issue at the summary judgment stage based on a failure to

provide undisputed evidence for all factors of the test. *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 JS AKT, 2011 WL 317971, at *6 (E.D.N.Y. Jan. 28, 2011) (denying summary judgment on the issue of individual liability because plaintiffs failed to provide undisputed evidence to show control over the economic realities); *Spicer v. Pier Sixty LLC,* 2010 U.S. Dist. LEXIS 76782, at *31–34 (S.D.N.Y. July 26, 2010) (denying summary judgment because it was ambiguous whether an individual defendant exercised control over and supervised employees). The Court should do the same here.

"[S]ummary judgment requires undisputed evidence, not inferences or assumptions." *Franco*, 2011 WL 317971 at *7. Here, Plaintiff's own deposition testimony raises disputes of facts as to the individual defendants' status as employers under the FLSA and NYLL. In his deposition, Plaintiff admitted that he did not regularly speak to Thomas and Cummins and only spoke to them on a limited basis, and often times, those communications were to order food and not about work matters or the restaurants' operations. RSOF ¶¶ 119-121. Plaintiff also admitted that none of the individual defendants made his work schedule, set his pay, disciplined him, or terminated his employment. *See* Pl. Dep. 39:25-40:3, 44:4-6, 46:14-16. This is also supported by the individual defendants' deposition testimony. RSOF ¶¶ 46, 128. Plaintiff's admissions raises questions as to the individual defendants' control over the day-to-day details of Plaintiff's employment, which preclude summary judgment.

Similarly, as evidenced by their deposition testimony, the three individual defendants were not involved in the day-to-day operations and did not have any involvement in determining the economic realities for employees. For example, when asked how often he visited the kitchen where Plaintiff worked, Defendant Cummins estimated that he only did so three  times a month and denied that he ever communicated with Plaintiff via text to direct him to perform certain tasks. .

RSOF ¶ 120; Cummins Dep. 27:14-28:3. Plaintiff testified that "it was very rare" that he would talk to Cummins, when he did, it was to order food, and on an average week, he would only talk to Cummins once or twice. Pl. Dep. 44:7-18. When asked how often he communicated with Plaintiff, Defendant Thomas testified that he only did so a handful of times to order food for his daughter and none of those communications had anything to do with Plaintiff's job or the terms and conditions of employment. RSOF ¶¶ 121. Moreover, Defendant Thomas testified that he was not involved in the day-to-day operations of the City Hall and Times Square location. *Id*.

The evidence raises questions of fact as to whether the individual defendants controlled the terms and conditions of Plaintiff's employment. Plaintiff has failed to meet his burden to clearly establish that individual defendants controlled the economic realities of employment and the Court should deny summary judgment on this basis.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Partial Summary Judgment be denied with such other and further relief as is just and proper.

Dated: New York, New York
          July 21, 2025

                              **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                              By:    /s/ Dong Phuong V. Nguyen
                                     Brian Pete, Esq.
                                     Dong Phuong V. Nguyen, Esq.
                                     *Attorneys for Defendants*
                                     250 Greenwich Street, 11th Floor
                                     New York, New York  10007
                                     212.232.1300
                                     Brian.Pete@lewisbrisbois.com
                                     Phuong.Nguyen@lewisbrisbois.com

## <u>CERTIFICATION OF WORD COUNT</u>

Pursuant to Local Civil Rule 7.1 and Rule 4.B of the Court's Individual Rules of Practice in Civil Cases, I hereby certify that this memorandum of law contains 4,107 words. I make this certification using the word count feature of Microsoft Word.

Dated: New York, New York
      July 21, 2025

                                     */s/ Dong Phuong V. Nguyen*
                                        Dong Phuong V. Nguyen

## <u>CERTIFICATION OF FILING AND SERVICE</u>

I hereby certify that the within memorandum of law was duly served and filed via ECF on plaintiff's attorneys of record.

Dated: New York, New York
      July 21, 2025

                                       */s/ Dong Phuong V. Nguyen*
                                        Dong Phuong V. Nguyen