

Dong Phuong V. Nguyen
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Phuong.Nguyen@lewisbrisbois.com
Direct: 646.666.7698

July 29, 2025

File No. 27350.3294

**VIA ECF**
Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007



RE:   Rojas v. DP Hospitality Group, LLC, et al.
      **No. 24-CV-0772 (KPF)**

Dear Judge Failla:

We represent Defendants DP Hospitality Group, LLC, Brooklyn Chophouse Times Square, LLC, David Thomas, Stratis Morfogen, and Robert Cummins (collectively, "Defendants") in the above-referenced matter. We write pursuant to Paragraphs 2(C) and 4(A) of the Court's Individual Rules of Practice in Civil Cases in response to Plaintiff's July 24, 2025 letter, requesting a pre-motion conference on Plaintiff's anticipated motion to strike the Declaration of Bianca Wasserman that was submitted in opposition to Plaintiff's Motion for Partial Summary Judgment, order Defendants to resubmit their opposition without the Wasserman Declaration, and for attorneys' fees. Doc. No. 48. The Court should deny Plaintiff's request because Plaintiff had ample time and notice to depose Ms. Wasserman and yet, chose not to. That Plaintiff is now surprised by Ms. Wasserman's declaration because Plaintiff failed to depose Ms. Wasserman, and disregarded testimony by other witnesses concerning Ms. Wasserman's knowledge of whom Plaintiff hired and fired, is of Plaintiff's own doing and not proper grounds to strike Ms. Wasserman's declaration or for sanctions.[1]

On May 30, 2025, Plaintiff filed a Motion for Partial Summary Judgment ("Motion"). Doc. Nos. 36-39. In his Motion, Plaintiff alleged that Defendants misclassified him as an exempt employee and improperly paid him on a salary basis. On July 21, Defendants filed their opposition to Plaintiff's Motion wherein they submitted documents in opposition, including a declaration from Bianca Wasserman. Doc. Nos. 43-47. In her declaration, Ms. Wasserman identified the basis for Plaintiff's salary, work duties, and individuals who Plaintiff hired, fired, and supervised in his role as an exempt employee. Plaintiff now claims that Defendants failed to disclose Ms. Wasserman as someone with relevant knowledge,

---

[1] Plaintiff also requests an adjournment of the August 4, 2025 deadline to file his reply in further support of his motion for partial summary judgment. Defendants take no position on that request.

Hon. Katherina Polk Failla
July 29, 2025
Page 2

which precluded him from deposing her. This is unsupported by the developed record.

As Plaintiff admits in his pre-motion letter, in their November 18, 2024 responses and objections to Plaintiff's First Set of Interrogatories, Defendants identified Ms. Wasserman as one of the individuals responsible for preparing the responses to Plaintiff's Interrogatories, which included interrogatories about Plaintiff's work duties and responsibilities, individuals who he hired, fired, and supervised, and Plaintiff's managerial responsibilities. This gave Plaintiff notice of Ms. Wasserman's knowledge of those areas. Plaintiff chose not to depose Ms. Wasserman based on this disclosure.

Defendant David Thomas also identified Ms. Wasserman as someone with direct knowledge of Plaintiff's managerial responsibilities, including employees who Plaintiff hired, fired, disciplined, and supervised, in his deposition. Yet, Plaintiff chose not to depose her. Plaintiff deposed Mr. Thomas on March 10, 2025, a week before discovery closed on March 17. In his deposition, when asked how he knew that Plaintiff hired employees, Mr. Thomas identified Ms. Wasserman as the Human Resources director who told him that information. Thomas Dep. 15:8-17:8.[2] Similarly, when asked how he knew Plaintiff fired employees, Mr. Thomas testified that Plaintiff was in charge of running the kitchen and if Plaintiff felt that an employee was not performing, he would terminate them and inform "Bianca of the termination and proceedings happens." Thomas Dep. 20:22 – 21:11. Mr. Thomas further testified that Ms. Wasserman told him that Plaintiff fired Javier, a kitchen employee. Thomas Dep. 21:18-22. Despite this clear identification that Ms. Wasserman had knowledge of Plaintiff's work duties and directly communicated with Plaintiff about employees who he supervised and terminated, Plaintiff chose not to seek any discovery from her, including deposing Ms. Wasserman.

On March 14, after the Thomas deposition, Defendants further identified Ms. Wasserman in their Rule 26 Initial Disclosure Statement as having information pertaining to Defendants' pay policies.[3] This again gave Plaintiff notice of Ms. Wasserman's knowledge of relevant information relating to pay policies such as the analysis required to classify an employee as exempt, their job duties and responsibilities, salary, and whether they had the authority to hire, fire, discipline, make work schedules, and assign work duties. all of which were later addressed in Ms. Wasserman's declaration. Plaintiff again chose not to depose Ms. Wasserman based on this disclosure.

Plaintiff had ample opportunity to depose Ms. Wasserman as she has been identified as having

---

[2] Relevant excerpts of the Thomas Deposition transcript are attached hereto as Ex. A.

[3] In his letter, Plaintiff spills much ink to point out that Defendants served their initial disclosures on the eve of the close of discovery. This misconstrues the timeline. On March 14, 2025, Defendants served their initial disclosures in an attempt to comply with all discovery obligations after a review of the file showed that initial disclosures were inadvertently not served after the parties' failed mediation. Discovery closed on March 17, 2025. Doc. No. 30. Despite Plaintiff's accusation that Defendants untimely served initial disclosures, Defendants have no record of ever receiving Plaintiff's initial disclosures.

relevant knowledge throughout the entire case. Even assuming that Plaintiff was unaware of Ms. Wasserman's knowledge, which is false because he identified her as the Human Resources director who he would go to about work matters in his deposition, Defendants identified her in their interrogatory responses. Further Mr. Thomas's deposition testimony should have raised alarm bells for Plaintiff as he clearly identified Ms. Wasserman as someone with knowledge of Plaintiff's hiring/firing responsibilities. Defendants again identified her in their initial disclosures. Ms. Wasserman was repeatedly identified as someone with relevant knowledge throughout discovery and Plaintiff had ample opportunity to depose her, yet chose not to.

Moreover, Plaintiff never moved to reopen discovery. Instead, on March 31, Plaintiff requested a pre-motion conference for his anticipated motion for partial summary judgment and in doing so, certified that all discovery matters were resolved and that Plaintiff did not seek any additional discovery from Defendants. Doc. No. 31. That Plaintiff missed the opportunity to seek necessary discovery from Ms. Wasserman at three different junctures is his own doing. Defendants should not be penalized for Plaintiff's choice in litigation strategy nor was Plaintiff unfairly prejudiced by Defendants' actions. While Defendants admit that their initial disclosures were inadvertently delayed, they still made the disclosures within the discovery period. At no point did Plaintiff seek to extend or reopen discovery after receipt of Defendants' initial disclosures.

Moreover, Plaintiff was notified of Ms. Wasserman's knowledge through other means, including a party's direct identification in his deposition. Plaintiff cannot now claim that he did not know about Ms. Wasserman because that is belied by the developed record. Plaintiff had ample notice. That Plaintiff chose not to act is through no fault of Defendants. *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir.1985) ("A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need"); *Yrityspankki Skop Oyj v. Delta Funding Corp.,* 1999 WL 1018048, at *4 (S.D.N.Y. Nov. 9, 1999) (finding that a party was fully aware of the relevance of the information in question during discovery and could have developed the information at that time).

The Court should deny Plaintiff's request for a pre-motion conference and consider Defendants' opposition to Plaintiff's Motion and the documents filed therewith, including the Wasserman Declaration, in full as filed.

We thank the Court for its time and attention to this matter.

Hon. Katherina Polk Failla
July 29, 2025
Page 4

                                               Respectfully,

                                               /s/ Dong Phuong V. Nguyen

                                               Dong Phuong V. Nguyen for
                                               LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:      All Counsel (via ECF)

The Court has reviewed Plaintiff's request for a conference and Defendants' response.  Accordingly, the Court sets a conference for **August 7, 2025, at 10:00 a.m.**

The conference will be telephonic.  The dial-in information is as follows:  On August 7, 2025, at 10:00 a.m., the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The August 4, 2025 deadline for Plaintiff's reply brief is ADJOURNED, with the new deadline to be discussed at the conference.

The Clerk of Court is directed to terminate the pending motions at docket entries 48 and 50.

Dated:     August 4, 2025            SO ORDERED.
           New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE