## JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah M. Seliger | |

August 28, 2025

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re: *Rojas v. DP Hospitality Group, LLC*,
No. 24-cv-772 (KPF)

Dear Judge Failla,

We represent Plaintiff Erick Rojas in the above-captioned matter. We write to respectfully request that the Court expand its August 7, 2025 Order reopening discovery for the purpose of deposing Bianca Wasserman, *see* ECF Entry 8/7/2025, to also include a deposition of non-party Feliz Maldonado, who Ms. Wasserman identified as an employee Plaintiff hired, *see* ECF Dkt No. 48-3 (Wassermand Decl.) ¶ 12. Plaintiff does not anticipate that the deposition of Mr. Maldonado will require an adjournment of the October 17, 2025 deadline for him to file his summary judgment reply. Defendants do not oppose this request.

As background, after Plaintiff moved for summary judgment on Defendant's affirmative defense that he was exempt from the overtime requirements of the Fair Labor Standards Act and New York Labor Law, Defendants opposed the motion relying on, *inter alia*, a declaration from Bianca Wasserman (Defendants' director of human resources). Contending that Ms. Wasserman had not been properly disclosed in discovery, Plaintiff moved to strike her declaration. *See* ECF Dkt No. 48. During a conference held on August 7, 2025, the Court did not strike Ms. Wasserman's declaration, but instead ordered that she be deposed, at Defendants' expense, by September 12, 2025.[1] *See* ECF Entry 8/7/2025. The Court also directed Plaintiff to file his summary judgment reply by October 17, 2025. *See id.*

In her declaration, Ms. Wasserman identified Feliz Maldonado as an employee who she "recall[ed]" Plaintiff had "hired and supervised." *See* ECF Dkt No. 48-3 ¶ 12. Because Plaintiff's supposed authority to hire/fire is central to Plaintiff's motion for summary judgment on Defendants overtime exemption defense, after the Court ordered Ms. Wasserman's deposition Plaintiff requested that Defendants also provide Mr. Maldonado's last known address (he is no longer

---

[1] Ms. Wasserman's deposition is currently scheduled for September 12.

employed by Defendants) so that Plaintiff could subpoena him for a deposition concerning how he became employed. Defendants provided Mr. Maldonado's last known contact information on August 28, 2025.

Given the importance of evidence concerning Plaintiff's authority to hire/fire to this case, Plaintiff respectfully requests that, in addition to the deposition of Ms. Wasserman, the Court permit Plaintiff to also subpoena Mr. Maldonado for a deposition. As Plaintiff now has Mr. Maldonado's last known contact information, he intends to subpoena Mr. Maldonado expeditiously should the Court grants him permission to do so. Accordingly, Plaintiff does not anticipate that this request will require an adjournment of Plaintiff's current October 17, 2025 deadline to file his summary judgment reply. *See* ECF Entry 8/7/2025.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

_/s/Lucas C. Buzzard_
Lucas C. Buzzard

```
Application GRANTED on the understanding that this deposition
will not affect the schedule previously set by the Court.

Dated:    August 29, 2025         SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE